# 𝔚ytheville.

## THOMPSON V. COMMONWEALTH.

### June 18th, 1891.

### Absent, *Hinton*, J.

1. CRIMINAL PROCEEDINGS—*City officers—Jurors.*—Being treasurer or councilman of a city;

HELD:

> Not to disqualify a juror in a criminal case in the hustings court.

2. IDEM—*Irrelevant testimony—Case at bar.*—At trial for robbery occurring at 10:30 p. m., half mile from depot, evidence offered on behalf of accused that a negro was seen at 3 a. m. next thereafter in the railroad yard was excluded as irrelevant;

HELD:

> No error.

3. IDEM—*Instructions—Burden of proof.*—Where instruction was given on behalf of accused that burden of proving every essential to the charge was on commonwealth;

HELD:

> Not error to add: "but the burden of proving an *alibi* is on the accused."

4. IDEM—*Continuance—Case at bar.*—Here, under the circumstances, the court's refusing to adjourn trial of case on account of absence from sickness of a material, summoned witness;

HELD:

> No error.

5. IDEM—*Indictment—Prosecutor.*—Code, 1887, § 3991, does not require name of prosecutor to be written at foot of indictment for *felony*, but only for misdemeanor.

6. IDEM—*Argument—Case at bar.*—In this case,

HELD:

> Not improper for the court to limit argument before the jury to two hours on each side.

Error to judgment of hustings court of city of Bristol, rendered October 6th, 1890, whereby one Robert Thompson, the plaintiff in error, was sentenced to confinement for the period of eight years in the penitentiary, in accordance with the verdict of the jury upon the trial of an indictment for robbery of one Mary Abrahams. Opinion states the case.

*Rockingham Paul, H. G. Peters, J. H. Wood, H. W. Sutherland*, for plaintiff in error.

*Attorney-General R. Taylor Scott*, for commonwealth.

FAUNTLEROY, J., delivered the opinion of the court.

The record of the proceedings upon the trial presents several bills of exceptions taken by the accused, Thompson.

The first bill of exceptions objects to the refusal of the court to exclude from the venire and from the jury J. L. C. Smith and George W. Wolfe, who were duly summoned as veniremen, upon the ground that the said Smith was treasurer of the city of Bristol, and the said Wolfe was a member of the council of the city of Bristol. There is nothing in this objection, and the trial court did not err in overruling the motion to exclude them. They were qualified jurors, and the record shows that they were selected according to law.

The second bill of exceptions objects to the ruling of the trial court as to the relevancy of the evidence of H. S. Price.

Thompson, the accused, was charged with the assault and robbery of one Mary Abrahams, on the night of her arrival at the depot of the Norfolk and Western railroad passenger train in the city of Bristol, at 10:30 o'clock that night, at a place about one-half a mile from the depot, as she was on her way carrying her valise to her brothers house upon a dark and rainy night; and the commonwealth's attorney objected to the introduction of the fact that the policeman, Price, had seen a

colored man in the yard of the Norfolk and Western railroad at 3 o'clock in the morning succeeding the night of the alleged robbery, which objection the court sustained and excluded the statement.

It could have, so far as the exception discloses, no bearing or relevancy upon the issue to be tried by the jury, and it was properly excluded.

The bill of exceptions No. 3 states the objection of the accused to the giving of the following instruction by the court at the request of the attorney for the commonwealth : " The burden rests upon the commonwealth to make out its case against the accused to the exclusion of a reasonable doubt, but where the accused relies upon or attempts to prove an *alibi* in his defence, the burden of proving the *alibi* rests upon him ; but upon other questions in the case the burden still rests upon the commonwealth."

The court gave the foregoing instruction after and in sequence to the instruction which it had given at the request of the accused, as follows : " The court instructs the jury that the commonwealth must prove everything essential to the establishment of the charge in the indictment to the exclusion of a reasonable doubt; and if it fails so to do, then they must find for the defendant." There was no error in giving the instruction objected to.

The fourth bill of exceptions states that " when the evidence was all in, the court stated to the counsel that the court deemed two hours upon each side would be reasonable and sufficient for the argument of the case, and so limited the argument to two hours upon each side, to which action of the court the defendant excepted."

The court, in the case of *Jones* v. *The Commonwealth*, 87 Va. 63, decided that it is in the discretionary competency of the trial court to restrict the argument of counsel to reasonable limits, and though it was held in that case that the peremptory restriction of counsel to *only twenty minutes*, where there were

numerous and conflicting witnesses and circumstances, was an arbitrary abuse of the power, we are at a loss to conceive how *two* whole hours could be reasonably consumed in the argument of this case. There was no abuse of the court's discretion in this case.

The fifth bill of exceptions says that upon the calling of the case for trial on the 6th day of October, 1890, the defendant moved the court to continue the case because of the absence of three of his witnesses, viz : Maria Martin, Lizzie Nowlin, and Mary Isabell, but the said three witnesses did appear and testified in the case in behalf of the defendant. No motion was made for the continuance of the cause because of the absence of any other witness, or upon any other ground. When the commonwealth had about closed testimony upon its part, the attorney for the commonwealth moved the court for a rule against one T. P. Owen to appear and testify in behalf of the commonwealth, which motion the court overruled, because no subpœna had been issued by the commonwealth for said witness, but stated that the defence would be entitled to a rule, if they desired it, as said witness had previously been summoned for the defence; and thereupon the defendant moved the court for a rule against the said witness, which was granted, and the officer returned the said rule " executed," but stated in open court that he found the said witness sick in bed. Whereupon the defendant moved the court to adjourn said case until the following day, so that if said witness was able his attendance might be secured, as he was a material witness for the defence, which motion was objected to by the attorney for the commonwealth, and said objection sustained by the court for the reason, as stated at the time by the court, " that the defendant, when the case was called for trial in the morning, had made no motion for a continuance of the case because of the absence of said witness, Owen, to which statement of the court there was no objection by the defendant or his counsel, and the court directed the trial to proceed," &c.

Opinion.

We think that the trial having progressed thus far, and the defendant not stating anything by which the court could be informed that the witness, Owen, could, or was expected to give any evidence which would be not merely cumulative upon the testimony already given for the accused by his three witnesses—Maria Martin, Lizzie Nowlin, and Mary Isabell—and the silence of the defendant and his counsel when the court made the statement of its reason for proceeding with the trial, justified the proceeding, and was proper.

The indictment was demurred to on the ground that it is vague, uncertain, and indefinite, and that no witness's name was appended to it. The indictment is clear, pointed, and pithy, and distinctly charges a felonious assault and robbery—a felony. It is the act of a grand jury, and not that of a personal prosecutor; and section 3991, Code of 1887, applies only to misdemeanors. See the case of *Commonwealth* v. *Dever*, 10 Leigh, 719.

The court did not err in overruling the motion for a new trial on the ground that the verdict is contrary to the evidence or of surprise to the defendant. The evidence is full, clear, explicit, and positive to prove the guilt of the accused, and the judgment of this court is to affirm the judgment of the trial court.

JUDGMENT AFFIRMED.